UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

JOHN EDWARD ANDERSON, III,       )
                                 )
          Plaintiff,             )
                                 )
v.                               )     No. 3:16-CV-235-HBG
                                 )
OAK RIDGE SCHOOLS BOARD OF       )
EDUCATION a/k/a OAK RIDGE CITY OF)
BOARD OF EDUCATION, *et al.,*    )
                                 )
          Defendants.            )

# MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73(b) of the Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings, including entry of judgment [Doc. 12].

Now before the Court is Plaintiff's Motion for Order Setting Supersedeas Bond and Requiring Defendants to Post Bond [Doc. 277]. Defendants filed a Response [Doc. 280], opposing the Motion. Plaintiff did not file a Reply. Accordingly, for the reasons set forth below, the Court **GRANTS IN PART** Plaintiff's Motion [**Doc. 277**].

## I.   ANALYSIS

Plaintiff moves [Doc. 277] pursuant to Federal Rule of Civil Procedure 62(d) for an order setting an appropriate amount for a supersedeas bond and requiring Defendants to post such a bond with the Court to secure the judgment in this case pending appeal. Plaintiff states that the purpose of a bond is to preserve the status quo and that the amount of the bond should be set in an amount that permits satisfaction of the judgment in full, together with costs, interest, and damages for the delay. Plaintiff states that the judgment in this case is $1,707,933.27. In addition, Plaintiff states that the Court awarded $424,616 in attorney's fees, and Plaintiff seeks $10,341.65 in costs.

Finally, Plaintiff submits that he is also entitled to pre- and post-judgment interest for the delays caused by Defendants' post-trial motions and appeal.

Defendants [Doc. 280] respond in opposition to the Motion. Defendants assert that according to the Sixth Circuit, the Court has discretion to waive the requirement of a supersedeas bond. Defendants state that the Court may exercise its discretion to grant a stay of collection without the posting of a bond under reasonable circumstances. Defendants argue that reasonable circumstances exist here because their ability to pay the judgment is so plain that the cost of the bond would be a waste of money. Defendants argue that Defendant Oak Ridge Schools Board of Education is a governmental entity that receives its funding from the City of Oak Ridge, Tennessee. Defendants explain that that School System has an annual budget in excess of $66 million dollars. Defendants argue that this annual budget establishes their ability to pay the judgment. Defendants state that if an amount to satisfy the Plaintiff's judgment could not be found in the annual budget, then the City of Oak Ridge has the ability to raise taxes. Further, Defendants state that they have an insurance policy issued by Tennessee Risk Management Trust in the amount of $1 million dollars. In light of the annual budget and the insurance policy, Defendants request that the Court stay any collection efforts on the part of Plaintiff and waive any requirement to post a supersedeas bond until the appeal of this matter is fully resolved. Defendants also point out that the taxing of costs in this matter has already been stayed by the Clerk. In the alternative, Defendants request that the Court limit the monetary amount of any such bond to the difference between the amount of the insurance policy and the judgment, or $707,933.30, and allow Defendants twenty-one (21) days to post.

As an initial matter, Plaintiff cites Rule 62(d); however, the Rule was modified in 2018, and the more appropriate Rule is 62(b). Rule 62(b) provides as follows:

> (b) Stay by Bond or Other Security. At any time after judgment is entered, a party may obtain a stay by providing a bond or other

2

> security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security.

"Rule 62 'entitles a party who files a satisfactory supersedeas bond to stay a money judgment as a matter of right.'" *Heartland Materials, Inc. v. Warren Paving, Inc.*, No. 5:16-CV-146-TBR, 2019 WL 2426509, at *1 (W.D. Ky. June 10, 2019) (quoting *Arban v. West Publ'q Corp.*, 345 F.3d 390, 409 (6th Cir. 2003)) (other citations omitted). Courts have further explained, "Rule 62[] balances the interests of both parties by permitting 'an appellant to obtain a stay to avoid the risk of satisfying the judgment only to find that restitution is impossible after reversal on appeal' and, although the rule deprives the appellee of its right to immediately enforce its valid judgment, the bond provides 'both insurance and compensation to the appellee.'" *Id.* (quoting *Buckhorn Inc. v. Orbis Corp.,* No. 3:08-CV-459, 2014 WL 4377811, at *1 (S.D. Ohio Sept. 3, 2014)).

"Because of 62[b]'s dual protective role, a full supersedeas bond should almost always be required." *Id.* (quoting *Poplar Grove Planting & Ref. Co., Inc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979)). Bonds are generally required absent extraordinary circumstances. *Id.; see also Arban,* 345 F.3d at 409 ("[T]he Rule in no way necessarily implies that filing a bond is the only way to obtain a stay. It speaks only to stays granted as a matter of right, it does not speak to stays granted by the court in accordance with its discretion.") (quoting *Federal Prescription Serv., Inc. v. Am. Pharm. Ass'n,* 636 F.2d 755, 759 (D.C. Cir. 1980)). One extraordinary circumstance that the Sixth Circuit has recognized is "where the defendant's ability to pay the judgment is so plain that the cost of the bond would be a waste of money." *Arban,* 345 F.3d at 409 (quoting *Olympia Equip. Leasing Co. v. Western Union Tel. Co.,* 786 F.2d 794, 796 (7th Cir. 1986)). "When an appellant claims its ability to pay the judgment is so obvious that posting a bond would simply be a waste of money, courts have generally required the appellant to

present 'a financially secure plan for maintaining that same degree of solvency during the period of an appeal.'" *Contract Design Grp., Inc. v. Wayne State Univ.,* No. 10-CV-14702, 2014 WL 5360055, at *2 (E.D. Mich. Oct. 20, 2014) (*Hamlin v. Charter Tp. of Flint*, 181 F.R.D. 348, 353 (E.D. Mich. 1998)).

The Court has considered the parties' positions as outlined above, and the Court finds Defendants' alternative request well taken. In the instant matter, Defendants argue that extraordinary circumstances exist because their ability to pay the judgment is so plain that requiring a bond is a waste of money. Defendants point to the Oak Ridge Schools' Fiscal Year 2020 Adopted Budget, in addition to their $1 million insurance policy. Defendants have shown the ability to pay the judgment and other costs in this case at this time, but it is not clear how long this case will take on appeal. The Court finds the better approach, considering Rule 62's dual protective role, is to require Defendants to post a bond, but given Defendants' financial ability, the Court agrees with Defendants' alternative request.

## II. CONCLUSION

Accordingly, for the reasons set forth above, Plaintiff's Motion for Order Setting Supersedeas Bond and Requiring Defendants to Post Bond [**Doc. 277**] is **GRANTED IN PART.** Defendants **SHALL** have twenty-one (21) days to post bond in the amount of $707,933.30.

**IT IS SO ORDERED.**

ENTER:

_____
United States Magistrate Judge